

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
~~EASTERN~~ DIVISION
Aberdeen

| | | |
|---|---|---|
| ADRIAN L. ERBY,<br>Plaintiff | )<br>)<br>) | |
| v. | )<br>) | |
| ROBERT DAVIS, in his official<br>and individual capacities,<br>JOHN DOES #1 Through #3, in their<br>official and individual capacities,<br>JANE DOE, in her official<br>and individual capacities, and<br>CITY OF COLUMBUS, MISSISSIPPI,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Cause No.: 1:13CV19-AS |

## COMPLAINT

Plaintiff, Adrian L. Erby, for his complaint against Defendants Robert Davis, John Does #1-3, Jane Doe, the City of Columbus, Mississippi, and Lowndes County, Mississippi states as follows:

### INTRODUCTION

1. This is an action for money damages, declaratory, and injunctive relief brought pursuant to 42 U.S.C. §§1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under the law of the State of Mississippi, against Robert Davis, John Does #1-3, Jane Doe and the City of Columbus, Mississippi.

2. Plaintiff, Adrian L. Erby, alleges that Defendants made an unreasonable search and seizure of his property and disposed of said property without notice or just cause. Plaintiff alleges that these constitutional violations were committed as a result of the policies and customs of the City

of Columbus, and that the City of Columbus is liable under the theory of respondeat superior for the torts committed by Defendants.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. §1983 and pursuant to the Declaratory Judgment Act 28 U.S.C. §§2201 and 2202.

4. Venue lies in the United States District Court for the Northern District of Mississippi because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Lowndes County, Mississippi, 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff, Adrian L. Erby, is an adult resident citizen of the City of Columbus, Mississippi.

6. Defendant, Robert Davis was a law enforcement officer with the City of Columbus Animal Control Unit when the relevant events occurred. He is sued in his individual and official capacities. He may be served with process of service at 523 Main Street, Columbus, Mississippi 39701.

7. Defendant John Does #1 through #2 are an unknown agents or law enforcement officers employed by or acting on behalf of the City of Columbus who arrived at the scene that gave rise to this claim for relief. They failed to take reasonable steps to end the unlawful conduct alleged in this complaint. They are sued in their individual and official capacities.

8. Defendant John Doe #3 is an unknown agent or law enforcement officer employed by or acting on behalf of the City of Columbus who took and disposed of Plaintiff's property that gave

rise to this claim for relief. They failed to take reasonable steps to end the unlawful conduct alleged in this complaint. They are sued in their individual and official capacities.

9. Defendant Jane Doe is an unknown agent or officer of the City of Columbus who arrived at the scene that gave rise to this claim for relief. She failed to take reasonable steps to end the unlawful conduct alleged in this complaint. She is sued in her individual and official capacities.

10. Defendant City of Columbus, Mississippi is located in Lowndes County, Mississippi. It is a municipal corporation and the public employer of Defendants. Defendant may be served with process by service upon its Mayor, Robert E. Smith, Sr., at 523 Main Street, Columbus, Mississippi 39701.

## BACKGROUND

11. This is a case about the unlawful seizure of the Plaintiff's dogs by employees and agents of the City of Columbus.

12. The Plaintiff Adrian L. Erby resides at 610 North 18th Street, Columbus, Mississippi and was living at this address at the time of the incident giving rise to this claim.

13. The Plaintiff often engaged in the business of breeding and selling his dogs. Plaintiff has lawfully and frequently engaged in these business transactions over the past 10 years and has sold several dogs.

14. At the time of the seizure of the dogs, the plaintiff solely owned and housed 6 pit bull breed dogs, described as follows:

a.  Lady, a blue coated pregnant female;

b. Lexus, a blue coated female;

c. Mouse, a blue coated male;

d. Love, a red coated pregnant female;

e. Minnie, a red coated female; and

f. Camouflage, a red coated male.

15. Agents of the City of Columbus including Robert Davis had visited the Plaintiff's residences numerous times to monitor and check on the Plaintiff's dogs. Plaintiff had never had his dogs seized before, nor had he ever been cited for the mistreatment of his dogs.

16. The dogs were kept in pens that had been approved by Defendant Robert Davis within at least 7 days prior to their being seized. Robert Davis instructed Plaintiff to provide rabies tags for the dogs.

17. The Plaintiff obtained rabies tags for each of his dogs as instructed.

18. The dogs were well fed and healthy.

19. Plaintiff regularly took the dogs to the veterinarian and each dog was current with its vaccinations.

20. The Plaintiff's dogs had no history of biting or viciousness.

21. On February 2, 2012, Plaintiff's home was searched by members of law enforcement of the City of Columbus and Lowndes County, Mississippi on charges totally unrelated to his dogs.

22. Incident to the search of his home, Plaintiff was arrested on charges relating to firearms found in his home.

23. While law enforcement searched his home, a representative of the City of Columbus's Animal Control Unit arrived regarding the Plaintiff's dogs.

24. When Plaintiff was taken into custody, and unbeknownst to him, his dogs were taken by agents of the City of Columbus Animal Control Unit.

25. When Plaintiff was being taken to jail, members of his family were told that Plaintiff's dogs were being held until he was released. Dorothy Erby, Plaintiff's grandmother, was told that since the owner was gone that the dogs would be taken.

26. The Plaintiff has never been notified orally or in writing that his dogs were taken by the city of Columbus or provided with any indication of the process he could have followed to reclaim his dogs.

27. The Plaintiff was held in the Lowndes County jail for over 5 days.

28. The Plaintiff found out that his dogs were taken on the fifth day of his detainment by Andre Foreman, a neighbor, who informed Plaintiff of the rumor that his dogs had been taken.

29. After he posted bond on unrelated charges, Plaintiff went to the Lowndes County Humane Shelter to check on reclaiming his dogs.

30. Certain employees or individuals present at the Lowndes County Humane Shelter and acting as agents of the City of Columbus indicated to Plaintiff that they did not know what happened to the dogs.

31. Plaintiff was instructed that the dogs were gone at which point Plaintiff went to the animal holding area of the shelter and located his 6 dogs.

32. Plaintiff was then instructed that he "still could not get his dogs back."

33. The individual at the shelter informed the Plaintiff that he had 5 days to claim his dogs or forfeit them.

34. He was instructed that he "could've come to get the dogs," a ridiculous requests since the Plaintiff had been detained by the City of Columbus for over 5 days.

35. The Plaintiff made repeated inquiries since his release from jail regarding claiming his dogs. These inquiries were directed at Robert Davis, an animal control agent for the City of Columbus, and other enforcement agents of the City of Columbus.

36. In April 2012, Plaintiff was notified that tickets regarding his dogs had been issued on March 15, 2012.

37. Robert Davis, an Animal Control agent for the City of Columbus, informed Plaintiff that he "couldn't find you" since the tickets were issued.

38. Defendant went to Columbus Municipal Court in April regarding several animal welfare related charges. The more serious charges were dismissed and the Plaintiff was convicted of not providing identification tags and posting a Beware of Dog sign.

39. The same individuals that indicated to the Plaintiff that they did not know what happened to the dogs eventually told the Columbus Municipal Court Judge that all of the dogs were "put down." This is the first time that Plaintiff heard of what happened to his dogs.

40. Since his dogs were killed, Plaintiff has never been offered compensation for the loss of his dogs or a means to pursue compensation.

41. Each of the named Defendants conspired together and were involved in the matters named herein to the point that they acted to deprive the Plaintiff of his Constitutional rights/

## COUNT I

### *42 U.S.C. §1983 Against Defendants*

42. Plaintiff re-alleges and incorporates by reference Paragraphs 1-41.

43. Plaintiff claims damages under 42 U.S.C. §1983 for the injuries set forth above against Defendants for violation of his constitutional rights under color of law.

## COUNT II

### *42 U.S.C. §1983 Against City of Columbus, Mississippi*

44. Plaintiff re-alleges and incorporates by reference Paragraphs 1-41.

45. Prior to February 2, 2012, the City of Columbus developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Columbus, which caused the violation of the Plaintiff's rights, specifically in regard to its Animal Control Unit.

46. It was the policy or custom of the City of Columbus to fail to exercise reasonable care in hiring of its law enforcement officers, including Defendants, thereby failing to adequately prevent constitutional violations on the part of its officers, specifically in regard to its animal control unit.

47. It was the policy or custom of the City of Columbus to inadequately supervise and train its police officers, including Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

48. As a result of the above described policies or customs, law enforcement officers of the City of Columbus, including the Defendants, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated, specifically in regard to its animal control unit.

49. The above described policies or customs demonstrate a deliberate indifference on the part of the City of Columbus to the constitutional rights of persons within the City of Columbus, and were the cause of the violations of Plaintiff's rights alleged herein.

## COUNT III

*Respondeat Superior of City of Columbus*, Mississippi

50. Plaintiff re-alleges and incorporates by reference Paragraphs 1-41.

51. Defendant City of Columbus, Mississippi is liable for the unlawful taking committed against Plaintiff by Defendants. The City of Columbus employed the officers, who committed the aforementioned acts while acting in the scope of their employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

    a.    enter a judgment in favor of Plaintiff against Defendants;

    b.    enter an order declaring Defendants' conduct unconstitutional;

c. award Plaintiff compensatory and punitive damages against Defendants;

d. award Plaintiff's counsel reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1983 and any other applicable provisions of law;

e. enter a permanent injunction, upon proper motion, requiring Defendants to adopt appropriate policies related to the taking and seizure of property; and

f. grant to Plaintiff such other and further relief as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief.

THIS the 1st day February, 2013

Respectfully submitted,

Austin Vollor,
Attorney for Plaintiff

Austin Vollor
Vollor Law Firm, P.A.
127 East Main Street
Post Office Box 80120
Starkville, Mississippi 39759
Tel.: (662) 323-0083
Fax: (662) 323-7788
MSB# 10459